**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DOUGLAS CARROLL TIGNOR,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:07CV00075 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Douglas Carroll Tignor, Petitioner Pro Se; Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Respondent.*

Douglas Carroll Tignor, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Respondent filed a Motion to Dismiss and Tignor responded, making the matter ripe for disposition. Upon review of the record, I find that the Motion to Dismiss must be granted.

I

Tignor pleaded guilty on November 29, 2005, pursuant to a written plea agreement, to one count of possessing a firearm as a convicted felon and as an illegal user of controlled substances, in violation of 18 U.S.C.A. § 924(c) and (e) (West 2000 & Supp. 2007). On February 15, 2006, I entered judgment sentencing him to 188

months imprisonment. In exchange for his guilty plea, the government moved for dismissal of two additional counts, charging Tignor with distribution of controlled substances and using or carrying a firearm during and in relation to a drug trafficking offense. Tignor did not appeal his conviction or sentence.

In his initial § 2255 motion, signed by him on February 8, 2007, Tignor alleges the following grounds for relief:

1. His guilty plea was involuntary and unknowing because counsel failed to advise him that he had a valid Fourth Amendment challenge regarding the unlawful pretextual traffic stop that led to his arrest;

2. The guilty plea and waivers were invalid because counsel did not inform him of a Fourth Amendment challenge to the search of his vehicle;

3. Counsel was ineffective because he never advised him that he had a potentially meritorious defense to the armed career criminal enhancement of his sentence because his prior offenses were all part of the same conspiracy; and

4. His waiver of appeal and § 2255 rights was unknowing and involuntary because counsel never explained this waiver to him.

Tignor claims that if counsel had advised him of these defenses, he would not have pleaded guilty, but would have insisted on proceeding to trial. In its Motion to Dismiss, the government argues that pursuant to a provision in his plea agreement,

Tignor waived his right to bring any challenge under § 2255.[1] The court took this motion under advisement, pending preparation of the plea hearing transcript. On March 8, 2007, Tignor filed a response to the Motion to Dismiss and executed and submitted a Motion to Amend, seeking leave to amend his § 2255 within thirty days of receiving a copy of the plea hearing transcript. The court granted this motion, and on April 9, 2007, he executed and submitted his Amendment.[2]

Tignor's Amendment was filed more than one year after his conviction became final and arguably may be untimely.[3] However, the Amendment merely raises additional arguments and more detailed allegations in support of the four claims raised in his initial § 2255 motion. Therefore, I find that the Amendment relates back

---

[1] The government's waiver analysis did not include any argument concerning petitioner's claim that counsel's ineffective assistance rendered invalid his guilty plea and implicitly, his waiver of § 2255 rights as well. *See United States v. Lemaster*, 403 F.3d 216, 222-23 (4th Cir. 2005) (addressing petitioner's claims of ineffective assistance bearing on the validity of the guilty plea before dismissing § 2255 as waived pursuant to plea agreement).

[2] After receipt of Tignor's Amendment, the court granted the government an opportunity to respond, but it did not. Tignor has moved for summary judgment based on this lack of response. I must deny this motion, as I find that Tignor states no ground for relief under § 2255.

[3] Under § 2255 para. 6(1), a federal inmate has one year from the date on which his conviction became final in which to file a § 2255 motion. Tignor's conviction became final when the ten-day period for filing a direct appeal of his conviction expired on March 1, 2006. He did not execute his amendment until April 8, 2007, more than one year later.

to the timely raised claims, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, and is properly before the court.[4]

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220. Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). When a petitioner alleges that ineffective assistance of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights. *See, e.g., Lemaster*, 403 F.3d at 221-22; *Jones v. United States*, 167 F.3d 1142, 1145 (7th

[4] As part of his argument, Tignor alleges that counsel was ineffective in failing to explain the constitutional safeguards set forth in *United States v. Booker*, 543 U.S. 220, 248-58 (2005). To the extent that this allegation raises a separate claim under § 2255, it is untimely because the claim arises from separate occurrences in time and type and so cannot relate back to the timely filed claims. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000). In any event, the *Booker* claim also fails on the merits. In January 2005, the United States Supreme Court issued the *Booker* opinion, holding that the federal sentencing guidelines were constitutional only if they were advisory rather than mandatory. Tignor was sentenced in February 2006, when the sentencing guidelines were no longer mandatory, consistent with the *Booker* decision.

Cir.1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement [waiving § 2255 rights] cannot be barred by the agreement itself—the very product of the alleged ineffectiveness."); *see also Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985) (finding that court may address ineffective assistance claims bearing on validity of guilty plea, even concerning matters that would ordinarily be waived by entry of plea).

The court's waiver analysis must focus first on the petitioner's statements during the plea hearing. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations omitted). After determining that statements made during the plea hearing indicated that the petitioner had entered a valid guilty plea and waiver of his § 2255 rights, the court in *Lemaster* addressed the petitioner's ineffective assistance claims only to the extent that they had some alleged bearing on the validity of the plea. *Id.* at 222-23. The court found that the petitioner's

allegations contradicted his sworn statements at the plea hearing and, accordingly, upheld the validity of the § 2255 waiver and dismissed all claims as waived. *Id.* at 223. In other cases, however, determining the validity of the § 2255 waiver will require addressing on the merits the petitioner's claims that ineffective assistance caused his plea to be invalid in some respect.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. A petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, a petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When a petitioner alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. If it is clear that a petitioner has

not satisfied one prong of the *Strickland/Hill* test, the court need not inquire whether he has satisfied the other prong. *Strickland*, 466 U.S. at 697.

## III

### A. TIGNOR'S VALID GUILTY PLEA AND WAIVER.

Before accepting Tignor's guilty plea on November 29, 2005, I questioned him to ensure that his plea was knowing and voluntary. I first advised Tignor that it was important for him to understand the court's questions and if he wanted to talk with his attorney about anything, he should tell me. In response to my questioning, Tignor indicated that he understood his answers were under oath and that he could be prosecuted for perjury if he failed to tell the truth. He indicated that he was fifty-two years old, had completed high school and attended college, and was not currently under the influence of alcohol or drugs. After some discussion of Tignor's history of anxiety and nervous disorders and serious medical conditions, counsel for Tignor stated that although he had been troubled about his client's competency to enter a guilty plea, he now believed that Tignor was competent. Tignor indicated that he had had adequate time to discuss the indictment with counsel and that he had initialed each page of his plea agreement and had signed it, indicating that he had read and understood its terms as summarized by the prosecutor. He indicated that he was fully

satisfied with counsel's representation. I specifically asked Tignor if he understood the provisions waiving his right to appeal and his right to bring a collateral attack under § 2255. He indicated that he did.

I also advised Tignor of the elements of the fifteen-year mandatory sentence enhancement he faced for being a career offender, and he stated that he understood. I reviewed the rights he was waiving by pleading guilty, explained in detail the elements of each charge that the government would have to prove if he went to trial, and heard a summary of the evidence in support of the plea. Tignor indicated that he did not dispute any of the facts recited by the prosecutor in support of the plea and that he had no questions of the court. He then pled guilty to Count One of the Indictment. I find now, as I did at the plea hearing, that Tignor's guilty plea and the waivers of his right to appeal and his right to bring this collateral attack under § 2255 were knowing and voluntary and therefore, valid.

B. COUNSEL'S ALLEGED ERRORS.

Claims 1, 2, and 4 allege that because of counsel's omissions, Tignor's guilty plea and his waiver of § 2255 rights were unknowing and therefore invalid. Upon review of the record, however, I find no ineffective assistance.

In Claims 1 and 2, Tignor argues that counsel should have advised him of a valid Fourth Amendment claim on which he could have moved for suppression of the

evidence against him. Specifically, he asserts that the officers who pulled over his vehicle could not have known by looking at his car that he was driving with a revoked driver's license and so had no legal grounds for the stop or the subsequent search of his vehicle, for which Tignor gave no consent.

These allegations have no basis in fact. Paragraph 6 of the Presentence Investigation Report ("PSR"), in pertinent part, reads as follows:

> On April 26, at approximately 12:10 p.m., Major Jimmy Woodard of the Lee County, Virginia Sheriff's Office observed Douglas Carroll Tignor operating a vehicle in Dryden, Virginia. At the time, Mr. Tignor was under investigation by the Lee County Sheriff's Office for distributing Schedule II controlled substances, and authorities had made three controlled purchases from the defendant. Major Woodard was familiar with the investigation, and knew that Mr. Tignor's driving privileges had been revoked. He then initiated a traffic stop and arrested the defendant for driving with a revoked license.

(PSR ¶ 6.) An officer may stop a vehicle based on a reasonable suspicion that its occupant is engaged in criminal activity. *See, e.g., United States v. Cortez*, 449 U.S. 411, 418 (1981) (finding that vehicle stop does not violate Fourth Amendment if "assessment of the whole picture" yields "particularized suspicion . . . that the particular individual being stopped is engaged in wrongdoing"). The officer who pulled Tignor over had not only particularized suspicion, but also personal knowledge of the fact that Tignor was engaged in the offense of driving with a revoked license and in fact, arrested him on such a charge. Clearly, Tignor's counsel had no grounds

for challenging this traffic stop under the Fourth Amendment, and his failure to raise such a claim was neither deficient performance nor prejudicial to Tignor's defense, as it would have failed utterly.

The record also offers no support for a constitutional challenge to the search of Tignor's vehicle incident to his arrest for driving with a revoked license. It is a bright line rule of constitutional law that law enforcement officers who make a lawful arrest may, incident to that arrest and without a warrant, search "the arrestee's person and the area within his immediate control." *United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) (internal quotation omitted). Under this exception, after making a lawful custodial arrest of a vehicle's occupant, a law enforcement officer may, "as a contemporaneous incident of that arrest [and without a warrant], search the passenger compartment of that automobile" and "examine the contents of any containers found within the passenger compartment." *New York v. Belton*, 453 U.S. 454, 460 (1981).

When officers searched Tignor's car after his arrest, they found a pistol under the passenger seat, a round of ammunition in the defendant's jacket, $960 in cash, a box containing fifty other rounds of ammunition, and a pill vial containing OxyContin tablets. Tignor offers no ground on which counsel could have argued that any aspect of the search of Tignor's vehicle was unlawful. Thus, counsel's failure to

challenge the validity of the search did not constitute ineffective assistance under *Strickland/Hill*.

In support of Claim 4, Tignor claims that neither the court nor counsel explained the waiver provision to him. When the waiver provision was reviewed during the plea hearing, Tignor allegedly asked counsel what it meant, and counsel told him, "It means nothing," and told Tignor to answer, "Yes," when the court asked him if he understood the waiver.

Claim 4 cannot stand in the face of the record. During the plea colloquy, I asked Tignor whether he understood that under the plea agreement, he was waiving his right to appeal his sentence and his right to file a collateral attack on his sentence or his conviction and he answered, "Yes." I then stated to him, "And to give you a little more advice there, that means that you could not at a later time file any motion or petition that seeks to have your conviction or sentence set aside. Do you understand that?" Tignor stated, "Yes, sir." (Plea Tr. 13) Tignor's current claim is based on allegations that are in direct contradiction of his statements to the court, under oath, at the plea hearing. Thus, I find his current allegations—that he did not understand that he was waiving his rights to appeal or bring a § 2255 action—to be "palpably incredible" and "so patently frivolous or false as to warrant summary dismissal." *Lemaster*, 403 F.3d at 220 (internal quotations omitted).

Based on the foregoing, I find that none of Tignor's ineffective assistance claims affects the validity of his guilty plea or his waiver of his right to bring this action under § 2255. Accordingly, I find that all of his claims are waived and will grant the motion to dismiss on that ground.[5]

A separate Final Order will be entered herewith.

ENTER: October 19, 2007

/s/ JAMES P. JONES
Chief United States District Judge

[5] Claim 3 has no bearing on the validity of Tignor's guilty plea, as it alleges ineffective assistance relating to sentencing. In any event, the claim has no merit. Tignor's own submissions indicate that he received a sentence enhancement under § 924(e) based on three separate state court convictions for three separate distributions of controlled substances.